

3
Susan M Didriksen, Chapter 7 Trustee
PO Box 1460
Shingle Springs, CA 95682
Tel: (530)232-6119
E-mail: didriksen1@gmail.com

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>**TYLER GARRETT KELLEY** and<br><br>**TIYA MARIE KELLEY**<br><br>Debtors. | Case No. 11-39634-A-7<br>DCN: SMD -2<br><br>DATE: November 7, 2011<br>TIME: 10:00 a.m.<br>LOCATION: 501 I Street, 7th Floor<br>Department A<br>Courtroom 28 (7th Floor)<br>Sacramento, CA 95814 |

**MOTION FOR ORDER AUTHORIZING SALE OF ESTATE ASSETS BY PUBLIC AUCTION AND ALLOWANCE OF COMPENSATION TO AUCTIONEER**

SUSAN M. DIDRIKSEN, in her capacity as Trustee of the bankruptcy estate of TYLER GARRETT KELLEY and TIYA MARIE KELLEY ("Debtors"), hereby moves for authority to sell the estate's interest in the following items: 2001 420D Caterpillar loader backhoe. The sale will be conducted by West Auctions, Inc. ("West"), and the sale will run on West's internet auction website (www.westauction.com) from November 8, 2011 through November 10, 2011, and if necessary and appropriate thereafter, through further internet and in-person sales following the primary internet auction. The sale will be on an "as is, where is," basis, with no representations or warranties, express or implied, with respect to such assets. Trustee also moves for the allowance of compensation to West in the amount of twenty percent (20%) of the

gross proceeds of the sale, regardless of the amount, plus any extraordinary expenses incurred in transporting and storing the items. In support of this motion, Trustee submits the following:

1. Jurisdiction for the filing of this motion exists pursuant to 28 U.S.C. Sections 157 and 1334; ii U.S.C. Section 363(b); and Federal Rule of Bankruptcy Procedure 6004.

2. This case was commenced by the filing of a Chapter 7 petition on August 12, 2011, by the Debtors. Trustee was duly appointed trustee on August 12, 2011.

3. Debtor's bankruptcy estate includes the following items: 2001 420D Caterpillar loader backhoe.

4. On September 29, 2011, the Court granted SMD-1, approving Trustee's employment of West to assist Trustee in liquidating the above-mentioned items.

5. West has recommended that a public auction sale be run on its internet auction website (www.westauction.com) from November 8, 2011 through November 10, 2011, and if necessary and appropriate thereafter, through further internet and in-person sales following the primary internet auction. West will conduct all necessary advertising for the sale. The sale will be on an "as is, where is," basis, with no representations or warranties, express or implied, with respect to such assets. Trustee agrees with West's proposed plan for auction of the vehicles.

6. Trustee is satisfied that the best and highest net recovery will arise from selling the vehicles through the employment and services of West.

7. Trustee seeks authority to sell the above-mentioned vehicles pursuant to 11 U.S.C. section 363(b), which allows a bankruptcy trustee to sell estate property other than in the ordinary course of business after notice and hearing.

8. Trustee also seeks allowance of compensation to West in the amount of twenty percent (20%) of the gross proceeds of the sale, regardless of the amount, plus any extraordinary

expenses incurred in transporting and storing the vehicles. Trustee anticipates the transportation costs to be approximately $660 and storage costs to be approximately $150. Trustee believes the compensation to be awarded to West and the reimbursement of expenses incurred are reasonable and necessary.

9. The estate sale be paid all net proceeds of the sale due the estate within thirty (30) working days of any auction pursuant to California Civil Code Section 1812.607(i).

10. All gross proceeds of sale shall be maintained separate from West's personal or general funds and accounts pursuant to California Civil Code Section 1812.607(j).

11. At the conclusion of the sale conducted by West, West shall provide Trustee and file with the Court an itemized statement of the assets sold, the name of each purchaser, and the price received for each item or items as a whole, as required by Federal Rule of Bankruptcy Procedure 6004(f).

12. Approving the proposed sale is in the best interest of the estate because proceeds from the sale will be used toward payment of estate creditors.

WHEREFORE, Trustee prays the motion be granted and for such other and further relief as is necessary and proper.

Respectfully submitted,

Dated: October 10, 2011          /s/ Susan M. Didriksen
                                 Susan M. Didriksen, Chapter 7 Trustee